# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT,<br><br>         Plaintiff,<br>vs.<br><br>MITCHELL REPAIR INFORMATION COMPANY, LLC; SNAP-ON INCORPORATED,<br><br>         Defendants. | CASE NO. 10cv0100 JM(CAB)<br><br>ORDER DENYING MOTION FOR RECUSAL; DENYING MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS |

Plaintiff Susan V. Klat moves <u>ex parte</u> to recuse the undersigned pursuant to 28 U.S.C. §144 and 455, (Docket No. 8), and to strike or dismiss Defendants' motion to dismiss on the ground that Defendants did not agree to waive service of the summons and complaint. (Docket No. 10). For the reasons set forth below, the court denies the motion for recusal and denies the motion to strike Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff's arguments for recusal arise from an earlier-filed action involving the same parties.[1] On October 16, 2008 Plaintiff filed a complaint against these same Defendants alleging a single claim for violation of the Equal Pay Act of 1963. <u>Klat v. Mitchell Repair Information Co.</u>, 08cv1907 JM(CAB). In that action Defendants sought to take Plaintiff's deposition pursuant to Fed.R.Civ.P.

---

[1] To the extent Plaintiff argues that this action was inappropriately low numbered to the undersigned, the court notes that the present action satisfies the criteria and prerequisites of the low number rule, Local Rule 40.1, including the one-year time limit for seeking to low number an action.

1  30. Plaintiff objected to the taking of her deposition. On April 28, 2009 the undersigned overruled Plaintiff's objections to being deposed. (Docket No. 19). Defendants again noticed the deposition of Plaintiff. Plaintiff then objected to the deposition going forward and, on May 6, 2009, Magistrate Judge Bencivengo granted Defendants' motion to compel and the deposition was once again renoticed. (Docket No. 23). Plaintiff filed objections to the order compelling her deposition testimony and, on May 27, 2009, the undersigned overruled Plaintiff's objections and referred the matter to Magistrate Judge Bencivengo regarding the imposition of sanctions for her failure to comply with the May 6, 2009 order requiring Plaintiff to submit to a deposition. (Docket No. 32).

On June 3, 2009 Magistrate Judge Bencivengo conducted a status conference to address the matter of sanctions. (Docket No. 33). "Plaintiff represented to the Court that despite the two orders directing her to make herself available for deposition, she would not appear at a deposition noticed by Defendants." (Report and Recommendation Regarding Discovery Sanctions at p.2:21-22, Docket No. 36). Plaintiff objected to the recommended dismissal and, on July 13, 2009, the undersigned adopted the recommendation and dismissed the action because of Plaintiff's willful refusal to comply with two court orders. Plaintiff appealed the dismissal to the Ninth Circuit and, on December 9, 2009, the Ninth Circuit summarily affirmed the undersigned's dismissal of the action with prejudice. (Docket No. 49).

Plaintiff now moves to recuse the undersigned based upon the dismissal of the earlier-filed action.

**DISCUSSION**

**Recusal Under 28 U.S.C. §455**

The court concludes that recusal is not appropriate under Section 455. This section sets forth a broad ground for recusal: a federal judge must recuse "in any proceeding in which his (or her) impartiality might reasonably be questioned." 28 U.S.C. §455(a). The obligations set forth in Section 455 are "self-enforcing on the part of the judge." United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980). Disqualification is required if a reasonable factual basis exists for questioning the judge's impartiality. "The inquiry is objective, from the point of view of a reasonable person with access to all of the facts." New York city Housing Develop. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986).

Section 455(a) requires disqualification "to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice, but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994). The test for disqualification is whether an average, reasonable person knowing all the circumstances would harbor doubts about the judge's impartiality. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 714 (9th Cir. 1990).

Plaintiff moves for recusal "because Judge Miller has personal knowledge of the July 20, 2009 unresolved complaint for judicial misconduct." (Motion at p.4:226-27). In support of her request for recusal, Plaintiff submits the complaint for judicial misconduct, dated July 23, 2009. (Klat Affidavit, Exh. A ¶4). The Complaint of Judicial Misconduct or Disability represents that the statement of facts is set forth in "2 part attachments w/ support documents." (Id. at p.8). In the supporting documents, Plaintiff sets forth the following as the basis for her complaint:

> Judge Miller has and is relying on information to issue disposition Orders in the above entitled case being tried in a United States District Court on the basis of guidance and opinion of a magistrate judge in possession of an active license to practice law in the State of California (Cal. Bar # 138791) while simultaneously executing judicial duties in a manner consistent with an individual acting as an attorney in the case which is forbidden under Title 28 of the United States Code section 454.

(Id. at p.10). In other words, Plaintiff complains that Magistrate Judge Bencivengo "is practicing law while holding a position and making decisions as a United States Magistrate Judge in violation" of 28 U.S.C. §454 and Rules of Conduct Rule 3-210 and 2-400. (Id. at p.11).[2]

The court concludes that Plaintiff fails to identify any cogent basis for recusal. The fact that the undersigned considered the Report and Recommendations of Magistrate Judge Bencivengo is consistent with and specifically authorized by 28 U.S.C. §636 and Fed.R.Civ.P. 72. Even if the undersigned erroneously adopted the Report and Recommendations, the fact that a judge makes erroneous rulings in a case is not enough to show bias or prejudice. Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 921 (9th Cir. 1987). Moreover, just as judges have an obligation to recuse themselves when their impartiality may reasonably be questioned, judges also have an obligation to refrain from recusal when there is no basis for disqualification. New York City Housing Develop. Corp., 796 F.2d

---

[2] The court notes that the "active" status maintained by Magistrate Bencivengo with the State Bar of California presents no ground for recusal. Moreover, there is no indication by Plaintiff that Magistrate Judge Bencivengo is, apart from her judicial functions, practicing law in violation of the rules of professional conduct.

1  at 980.

2  Finally, the court notes that the grounds for recusal identified by Plaintiff would result in the
3  recusal of every judge of this bench because the Magistrate Judges in this district play an integral role
4  in every civil action.  L.R. 72.1, 72.2, 72.3.  Further, the fact that the Magistrate Judges, like the
5  District Court Judges, are also members of the State Bar of California, is not a basis for recusal.

6  In sum, as a reasonable, well-informed observer would not reasonably question the
7  undersigned's impartiality by using a Magistrate Judge, licensed by the State Bar of California, there
8  is no basis for recusal.  The motion for recusal is denied.

9  **Recusal Under 28 U.S.C. §144**

10  This provision provides an alternative means for recusal.  Under this provision, once a party
11  "makes and files a timely and sufficient affidavit" showing that the judge "has a personal bias or
12  prejudice" against the party, another judge shall be assigned to hear the matter. 28 U.S.C. §144. The
13  affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists."  Id.  Here,
14  for the above stated reasons, the grounds for recusal identified by Plaintiff are so insubstantial that
15  Plaintiff fails to make a sufficient threshold showing of bias or prejudice.  The unnecessary transfer
16  of this motion for determination by another judge is inherently inefficient and delays the
17  administration of justice.  Under these circumstances, not only does the court deny the motion but
18  declines to transfer the motion to another judge because of the insubstantial showing of bias or
19  prejudice.

20  **The Motion to Strike Defendants' Motion to Dismiss**

21  Plaintiff also moves to strike or set aside Defendants' motion to dismiss filed on or about
22  February 16, 2010 on the ground that Defendants have "not verified, acknowledged, signed or
23  complied with the necessary return release form verifying entity acceptance of waiver of service of
24  summons and complaint."  (Motion at p.2:3-5). [3]  As Plaintiff fails to identify any authority requiring
25  Defendants to waive service under Fed.R.Civ.P. 4(d) as a condition for bringing a Fed.R.Civ.P. 12(b)
26  motion, the motion to strike is denied.

27

28  [3] The court notes that Defendants filed a Waiver of Service on February 16, 2010.  (Docket No. 6).

1       In sum, the court denies the motion for recusal and denies the motion to strike Defendants' motion to dismiss for failure to state a claim. For the reasons set forth herein, the court also denies the motion to recuse Magistrate Judge Bencivengo.

**IT IS SO ORDERED.**

DATED: March 9, 2010

                                                Hon. Jeffrey T. Miller
                                                United States District Judge

cc:       All parties