1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SUSAN V. KLAT, | CASE NO. 10cv0100 JM(CAB) |
| 12                                    Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| 13        vs.  MITCHELL REPAIR INFORMATION | |
| 14  COMPANY, LLC; SNAP-ON INCORPORATED, | |
| 15                                  Defendants. | |

16

17      Defendants Mitchell Repair information Company, LLC ("Mitchell") and Snap-on

18  Incorporated move to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P.

19  12(b)(6).  Plaintiff Susan V. Klat opposes the motion.  Pursuant to Local Rule 7.1(d)(1), this matter

20  is appropriate for decision without oral argument.  For the reasons set forth below, the motion to

21  dismiss is denied and Defendants are instructed to file their answer within 14 days of entry of this

22  order.

23                                      **BACKGROUND**

24      On January 14, 2010, Ms. Klat commenced this federal question action by alleging a single

25  cause of action for retaliatory wrongful discharge in violation of Title VII of the Civil Rights Act, 42

26  U.S.C. §2000e - 3(a) and §2000e - 5(g).  (Compl. ¶16).  Ms. Klat brings this action seeking redress

27  for her alleged wrongful termination on May 6, 2009.  (Compl. ¶17).  Until the time of her discharge,

28  Plaintiff was employed as a front desk receptionist for Mitchell.

1    The genesis for the present complaint is an Equal Pay Act action commenced by Ms. Klat on

2    October 16, 2008.  In that action, Plaintiff filed a complaint against these same Defendants alleging

3    a single claim for violation of the Equal Pay Act of 1963.  Klat v. Mitchell Repair Information Co.,

4    08cv1907 JM(CAB).[1]  The central allegation in the present complaint is that she was discharged in

5    retaliation for pursuing alleged violations of federal wage standards and for commencing the Equal

6    Pay Act action to enforce those rights.  (Compl. ¶19).  Defendants now move to dismiss the complaint

7    on the ground that the statute under which she sues does not afford her any relief.  Plaintiff opposes

8    the motion.

9                                              **DISCUSSION**

10   **Legal Standards**

11   Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.

12   United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief

13   only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a

14   cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts

15   should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to

16   raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, __550 U.S. __, 127

17   S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled

18   to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more

19   than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not

20   akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

21   acted unlawfully."  Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action,

22   supported by mere conclusory statements, do not suffice."  Id.  The defect must appear on the face of

23   the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.

24   Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,

25   consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard

26   Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

27

28   [1] Ultimately, the Equal Pay Act action was dismissed because Plaintiff failed to comply with two court orders requiring her to appear for a deposition.

1    Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

2    v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

3    courts must accept as true all material allegations in the complaint, as well as reasonable inferences

4    to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).   However,

5    conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

6    motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

7    **The Motion to Dismiss**

8    Defendants argue that the provision of Title VII under which Plaintiff sues only permits claims

9    for workplace retaliation " under this subchapter."  42 U.S.C. §2000e - 3(a).  As "this subchapter"

10   refers to Subchapter VII of Chapter 21 of Tile 42 of the United States Code, i.e. 42 U.S.C. Sections

11   2000e through 2000e17, Defendants conclude that Plaintiff's earlier filed Equal Pay Act, 29 U.S.C.

12   §206(d), claims cannot serve as a basis for her retaliation claim under §2000e - 3(a).  The court

13   concludes that this technical argument is not persuasive because the focus of the complaint is on

14   alleged retaliatory conduct in terminating Ms. Klat's employment.

15   Title VII prohibits retaliation against an individual for opposing any practice made unlawful

16   by Title VII of the Civil Rights Act, the Equal Pay Act, the Age Discrimination in Employment Act,

17   the Rehabilitation Act, or for participating in any stage of administrative or judicial proceedings under

18   these statutes.  See 42 U.S.C. §2000e - 2(a); 29 C.F.R. § 1614.101(b).  To establish a prima facie claim

19   of retaliation under Title VII, Plaintiff must allege that: (1) plaintiff engaged in protected activity; (2)

20   the employer subjected her to an adverse employment action; and (3) a causal link exists between the

21   protected activity and the adverse action.  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000).

22   Reading the complaint with the requisite liberality, the allegations give rise to an inference that

23   Plaintiff engaged in a protective activity by allegedly reporting company violations of federal wage

24   standards and commencing an action to enforce those rights under the Equal Pay Act.  (Compl. ¶1).

25   The second element is also satisfied because there is no dispute that Plaintiff's discharge, (Compl.

26   ¶17), constitutes an adverse employment action.  See 42 U.S.C. §2000e - 2(a)(1).  The third element,

27   causation, may be established "by an inference derived from circumstantial evidence such as the

28   employer's knowledge that the [employee] engaged in protected activities and the proximity in time

1   between the protected action and the allegedly retaliatory employment decision." <u>Jordan v. Clark</u>, 847

2   F.2d 1368 (9th Cir. 1988).  This element is also satisfied because Plaintiff alleges that discharge

3   occurred at a time when Plaintiff was actively pursuing her pay discrimination claim.  This temporal

4   proximity is sufficient at this stage in the litigation process to satisfy this element.

5          In sum, the motion to dismiss is denied.  Defendants shall file an answer to the complaint

6   within 14 days of entry of this order.

7          **IT IS SO ORDERED.**

8   DATED:  March 18, 2010

9                                                    _____

10                                                   Hon. Jeffrey T. Miller
                                                     United States District Judge
    cc:             All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28